An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SERAFIN CALDERON-ACEVEDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 57318

FILED

FEB 22 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction of battery with the use of a deadly weapon pursuant to a jury verdict. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

Appellant Serafin Calderon-Acevedo's conviction stems from a fight involving several others, during which he stabbed Omar Reyes. Serafin appeals his conviction on the following grounds: (1) the district court erred by denying his motion to suppress evidence where the consent to search card listed the wrong apartment number; (2) the district court abused its discretion by admitting Omar's statements to the police; (3) prosecutorial misconduct; (4) sufficiency of the evidence; and (5) cumulative error.[1] We conclude that any error in this case was harmless, and affirm the judgment of conviction.[2]

---

[1]Serafin further contends that the district court abused its discretion by (1) declining his request to voir dire the jury panel regarding their race and beliefs about self-defense, and (2) denying his multiple requests for a mistrial. We conclude that these arguments lack merit. First, Serafin's proposed voir dire questions were improper because "'race[ ] is an unconstitutional proxy for juror competence and impartiality,'" Walker v. State, 113 Nev. 853, 867, 944 P.2d 762, 771 (1997) (quoting J.E.B. v.

continued on next page...

13·05571

<u>The district court did not err by denying Serafin's motions to suppress</u>

Serafin argues that the search of his apartment violated his Fourth Amendment rights because the police listed the wrong apartment number on the consent to search card signed by Serafin. As a result, Serafin argues, the knife seized during the search should not have been admitted at trial. We disagree.

---

*...continued*

<u>Alabama ex rel. T.B.</u>, 511 U.S. 127, 129 (1994)), the proposed questions about self-defense dealt with issues of law to be covered by the jury instructions, <u>Hogan v. State</u>, 103 Nev. 21, 23, 732 P.2d 422, 423 (1987), and the district court asked the potential jurors if they had prejudice or any reason that would prevent them from serving impartially.

Second, the district court did not abuse its discretion by denying Serafin's requests for a mistrial for a <u>Brady</u> violation after Jesus Hernandez testified that Serafin bit him during the fight as this testimony was not favorable to Serafin and Hernandez was disclosed as a witness prior to trial. <u>See</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999) ("The evidence at issue must be favorable to the accused . . . ."); <u>Rippo v. State</u>, 113 Nev. 1239, 1257, 946 P.2d 1017, 1028 (1997) (stating that "a <u>Brady</u> violation does not result if the defendant, exercising reasonable diligence, could have obtained the information"). Nor was this testimony prior bad acts evidence because the bite was "closely related to [the] act in controversy." NRS 48.035(3). Similarly, the district court did not err by denying a mistrial or refusing to give a limiting instruction when the prosecutor questioned Hernandez about Omar's whereabouts and interactions with Serafin as there was no direct reference to Serafin engaging in witness intimidation. <u>Meek v. State</u>, 112 Nev. 1288, 1295, 930 P.2d 1104, 1109 (1996). Finally, as to the State's failure to disclose its investigator's notes regarding his attempts to locate Omar, Serafin was not entitled to disclosure of that report. NRS 174.235(2)(a).

[2]As the parties are familiar with the facts and procedural history of this case, we do not recount them further except as is necessary for our disposition.

In reviewing Fourth Amendment challenges, this court "review[s] the district court's findings of historical fact for clear error but review[s] the legal consequences of those factual findings de novo." Somee v. State, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008). "While warrantless searches are presumptively unreasonable under the Fourth Amendment, . . . waiver and consent, freely and intelligently given, converts a search and seizure which would otherwise be unlawful into a lawful search and seizure." State v. Ruscetta, 123 Nev. 299, 302, 163 P.3d 451, 453-54 (2007) (internal quotations omitted). Whether consent was freely given depends on the totality of the circumstances. Id. at 302-03, 163 P.3d at 454.

In this case, the officer who spoke with Serafin before searching his apartment testified that notwithstanding the error on the consent card, Serafin assured him that it was his apartment, that he lived there, and that he said yes when the police asked to search his apartment. The officer further testified that after he informed Serafin that the police were looking for a weapon, Serafin still said that the police could search his apartment. Thus, we determine that Serafin voluntarily consented to the search, and, therefore, the knife was not the product of an illegal search. Accordingly, we conclude that the district court did not err in admitting the evidence at trial.

The district court did not err by admitting statements Omar made to the police

During trial, the State called Brenda Najarro, an interpreter for the Las Vegas Metropolitan Police Department, as a witness. Serafin argues it was error for the district court to allow Najarro to testify that Omar told her that Serafin stabbed him because this testimony violated his constitutional right to confront Omar and was inadmissible hearsay.

We review Confrontation Clause challenges de novo. Chavez v. State, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). Under the Confrontation Clause, "the testimonial hearsay of an unavailable witness requires a prior opportunity to cross-examine the witness concerning the statement for it to be admissible." Id. at 338, 213 P.3d at 483. Here, Omar testified at the preliminary hearing that Serafin stabbed him, and Serafin cross-examined Omar at that hearing concerning the stabbing. Because "a preliminary hearing can afford a defendant an opportunity for effective cross-examination," see id. at 338, 213 P.3d at 483-84, we conclude that Serafin had adequate opportunity to cross-examine Omar. As such, his constitutional right to confront Omar was not violated.[3]

Najarro further testified that Omar was moaning, upset, excited, and angry at the time that he made the statement to her at the scene of the crime. A statement that is otherwise hearsay is admissible if the statement relates to a "startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." NRS 51.095. Despite Serafin's assertion that Omar had a chance to calm down after the fight, we conclude that the district court did not manifestly err in determining that the statement was admissible

---

[3]Even assuming the statement was admitted in error, the error would have been harmless beyond a reasonable doubt because the State presented other evidence to sufficiently prove Serafin's guilt and Serafin conceded in his opening statement that he stabbed Omar. See Cortinas v. State, 124 Nev. 1013, 1028, 195 P.3d 315, 325 (2008) (explaining that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt" (internal quotations omitted)).

 

hearsay under the excited utterance exception. See Medina v. State, 122 Nev. 346, 351, 143 P.3d 471, 474 (2006).[4]

### The State did not commit prosecutorial misconduct resulting in reversible error

Serafin argues that the State committed prosecutorial misconduct resulting in reversible error because during her closing statement the prosecutor (1) improperly commented on Serafin's pre-arrest silence, and (2) improperly injected personal opinion.

#### Pre-arrest silence

During her closing statement, the prosecutor made several references to the fact that Serafin failed to call the police and failed to wait for the police to arrive. The prosecutor noted that if she was defending herself, she would have called the police immediately. Serafin argues that this was an impermissible reference to Serafin's pre-arrest silence constituting reversible error. We disagree.

Pre-arrest silence is generally categorized as a response to question or interrogation. State v. Lewis, 927 P.2d 235, 237 (Wash. 1996) ("[A] defendant's pre-arrest silence, in answer to the inquiries of a police officer, may not be used by the State in its case in chief as substantive evidence of defendant's guilt." (Emphasis added)); Grier v. State, 718 A.2d 211, 217 (Md. 1998) (holding that there is no pre-arrest silence when there is no "accusation to deny"). Thus, a defendant's "failure to come forward and tell the police his or her version of events" is not pre-arrest silence.

---

[4]We also reject Serafin's argument that the district court erred by allowing another witness to give his opinion that Serafin was dishonest because Serafin opened the door to the prosecutor's line of questioning. Pearson v. Pearson, 110 Nev. 293, 297, 871 P.2d 343, 345-46 (1994).

 

Grier, 718 A.2d at 217. Therefore, we concluded that the prosecutor's comments in this instance did not constitute reversible error.

Personal opinion

During her closing statement, the prosecutor commented that she would have called the police immediately if she was defending herself, and that she would not hide a weapon if she had used it to defend herself against someone. Serafin argues that these comments were prosecutorial misconduct. However, Serafin failed to object or request a corrective instruction at the time the comments were made. "[F]ailure to object precludes appellate review of the matter unless it rises to the level of plain error." Anderson v. State, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (further explaining that this court must determine "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights," and stating that the defendant bears the burden of proof (internal quotations omitted)); Parker v. State, 109 Nev. 383, 391, 849 P.2d 1062, 1067 (1993) ("[T]o preserve the issue of prosecutorial misconduct for appeal, the defendant must raise timely objections and seek corrective instructions.").

Nonetheless, while we agree that the prosecutor's comments were improper, see Collier v. State, 101 Nev. 473, 480, 705 P.2d 1126, 1130 (1985), this error was harmless and does not warrant reversal. "A prosecutor's comments should be considered in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" Leonard v. State, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) (quoting United States v. Young, 470 U.S. 1, 11 (1985)). Aside from the prosecutor's statements, the record reflects that the State

presented the other evidence of Serafin's guilt, and Serafin has not shown how this error affected his substantial rights.[5]

Sufficient evidence supported Serafin's conviction

When analyzing the sufficiency of the evidence in a criminal case, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Nolan v. State, 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (internal quotations omitted). "Additionally, it is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." Id. (internal quotations omitted).

Serafin argues that the prosecution presented insufficient evidence to disprove his self-defense theory; however, the State presented testimony from two witnesses that it was Serafin who stabbed Omar, and that Omar was not armed. Based on the evidence in the record, and viewing that evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence from which a reasonable jury could reject Serafin's theory of self-defense and find him guilty beyond a reasonable doubt.[6]

_____

[5]Serafin further contends that the prosecutor committed prosecutorial misconduct by referencing a toxicology report that was not admitted into evidence. Even if admission of this testimony was in error, Serafin's argument lacks merit because the reference was invited by Serafin's prior questions to the same witness about alcohol being present at the scene of the crime. See Pearson, 110 Nev. at 297, 871 P.2d at 345-46.

[6]As to Serafin's remaining arguments concerning the jury instructions, we conclude that they lack merit. We have previously upheld a jury instruction identical to the one given by the district court on

*continued on next page...*

Cumulative error

Serafin argues that cumulative error warrants reversal of his convictions. This court will not reverse a conviction based on cumulative error unless a defendant's constitutional right to a fair trial was violated as a result. Rose v. State, 123 Nev. 194, 211, 163 P.3d 408, 419 (2007). In examining whether cumulative error warrants reversal, this court considers: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." Id. (internal quotations omitted).

Despite the serious nature of the crimes charged, the State presented ample evidence of Serafin's guilt, and any errors were harmless. As a result, we conclude that Serafin's cumulative error challenge is unavailing.

Having considered Serafin's contentions and concluded that they do not warrant reversal, we

_____

...*continued*

determining Serafin's guilt or innocence. See Guy v. State, 108 Nev. 770, 778, 839 P.2d 578, 583 (1992). In addition, Serafin's reverse flight instruction misstates the law, and thus, he was not entitled to it. Nay v. State, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007).

ORDER the judgment of the district court AFFIRMED.



_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta


cc:    Eighth Judicial District Court Dept. 14
       Clark County Public Defender
       Cofer & Geller
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

